AO 91 (Rev. 5/85) Criminal Complaint

United States District Court

FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 JUL -8 PM 3: 42

OFFICE OF THE CLERK

UNITED STATES OF AMERICA
V.

ALLISON KLANECKY

**CRIMINAL COMPLAINT**

CASE NUMBER: 8:08MJ120

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about July ___, 2008, in the District of ____Nebraska____ the defendant, ALLISON KLANECKY, knowingly received and possessed a firearm, a destructive devise or a machine gun, which is not registered to him in the National Firearms Registration and Transfer Record,

in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

I further state that I am a __Special Agent, ATF__ and that this complaint is based on the following facts:
                              Official Title

See attached Affidavit.

Continued on the attached sheet and made a part hereof.   [X] Yes  [ ] No

_____
Signature of Complainant

Sworn to before me, and subscribed in my presence,

July 8, 2008                              at Omaha, Nebraska
Date                                      City and State

THOMAS D. THALKEN, U.S. Magistrate Judge    _____
Name and Title of Judicial Officer          Signature of Judicial Officer

# AFFIDAVIT

I, Shane Taylor, being duly sworn, depose and state that:

1.  Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), United States Justice Department, and is currently assigned to the Omaha Field Office. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws and know that it is a violation of 26 U.S.C. 5861, for any person to manufacture, receive or possess a destructive device or machine gun, etc., which is not registered to that person in the National Firearms Registration & Transfer Record, Washington, D.C. That Title 26 U.S.C. 5845(a)(8) The term "firearm" means a destructive device, and that (f) The term "destructive device" means

> (1) any explosive, incendiary, or poison gas
>     (a) bomb,
>     (b) grenade,
>     (c) rocket having a propellent charge of more than four ounces,
>     (d) missile having an explosive or incendiary charge of more than one-quarter ounce,
>     (e) mine, or
>     (f) similar device;

(2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and

(3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device"

1

shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684 (2), 4685, or 4686 of title 10 of the United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

2. This affidavit is made in support of a complaint and arrest warrant for Allison Klanecky for possession of an unregistered destructive devise. This complaint and warrant is being sought in connection with an ATF investigation of a violation of Title 26, United States Code, Section 5861(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; (f) to make a firearm in violation of the provisions of this chapter; and Title 18, United States Code, Section 842 (j) (Unlawful storage of explosives).

3. This affidavit is being submitted based on information provided by S.A. Tully E. Kessler and on personal knowledge, training and experience, records, reports, and information from the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Nebraska State Patrol, the Nebraska State Fire Marshal's Office, and the Greeley County, Nebraska Sheriff's Department, . The information outlined below is provided for the limited purpose of establishing probable cause for arrest and does not contain all details or all facts of which I am aware relating to this investigation.

4. On May 12, 2008 Deputy Gary Anderson was working at the Greeley County Courthouse, and after a hearing regarding the divorce of Allison and Debra KLANECKY, was shown a set of photographs by the attorney for Debra Klanecky. These photographs depicted a room

that contained numerous firearms, work areas, a sleeping area, and lots of containers. Deputy Anderson contacted Debra Klanecky by phone. He asked that she put the pictures on a CD and mail them to him. She advised him that the photos were taken inside the storm/fallout shelter that is located next to the residence that is on the east side of the property, and that it is under the concrete pad that is on the north side of the house. The photo depict in part counter parts for making explosive devises.

5. After looking at the pictures on the CD, Deputy Anderson contacted her again, because he had observed several ammo cans that had the word "pineapple" written on them. She told him that Allison had bought pineapple grenade bodies and fuse, and that he had activated some of them.

6. The execution of the search warrant, dated July 1, 2008, revealed the presence of grenades, covers, (or pineapple, and fuses for the assembly of grenades. Black powder (gun powder substitute). A review of the photos dated October 16, 2006, show numerous firearms, metal ammo cans, food stores, and ammunition. There are also photos of work benches where reloading equipment is mounted. Photo 002_2.jpg shows 3 or possibly 4 video monitors, on shelves, but none of them are turned on. There are several pieces of reloading equipment on the workbench, and ammo cans are seen under the bench. On the shelves above the bench are several cans of smokeless and black powder substitute powder. I counted the number of long guns seen in this set of photos and found that there are over 60 long guns in the photos.

7. Several of the photos are of military metal ammo cans, most of which have a piece of duct tape with handwriting on it placed on the end of the can. In one photo most of the cans are labeled with ammo calibers such as 17 HMR, 410, and 12GA, but there is one can labeled "PIPE". In another photo, there are several cans stacked up, many of which are labeled with ammo calibers,

but there is another stack that has labels of "B.P. – 1F", "PineApples", :B.P. – 2F", etc. I am familiar with the markings of 1F, 2F, etc, because they are used to designate the grain size of black powder. I reviewed these pictures and found 10 separate cans labeled as B.P., 5 cans labeled as pineapple, and 1 can labeled as red fuse. These three items are component for improvised explosive devices.

8. Based on the foregoing facts, your affiant concludes that Allison Klanecky has possession of unregistered firearms, destructive devices (i.e. explosive bombs, and/or improvised explosive grenades, and components from which explosive bombs and improvised explosive grenades may be readily assembled)and that probable cause exists to believe that destructive devices (i.e. explosive bombs, and/or improvised explosive grenades, and components from which explosive bombs and improvised explosive grenades may be readily assembled), and items and documents related to the purchase and ownership of destructive devices, will be found at the Premises and that these items will constitute evidence of a violation of Title 26 U.S.C. 5681(d), 5861 (f); possession and manufacture of unregistered destructive device or firearm. Explosive bombs, improvised explosive grenades and the components from which explosive bombs and improvised explosive grenade may be readily assembled do constitute destructive devices as that term is defined in 26 U.S.C., section 5845(f) and an explosive as that term is defined in 18 U.S.C. section 844(j).

9. It is requested that is affidavit be placed under seal until such time that a motion is filed with the court.

SHANE TAYLOR
BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES (ATF)

Subscribed and sworn to before me this \_\_\_8th\_\_\_ day of July 2008.

_____
THOMAS D. THALKEN
United States Magistrate Judge