## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:08CR279 |
| Plaintiff, ) | |
| ) | AMENDED |
| vs. ) | TENTATIVE FINDINGS |
| ) | |
| ALLISON KLANECKY, ) | |
| Defendant. ) | |

The Court received the Presentence Investigation Report ("PSR") in this case. No informal objections were sent to the probation officer as required in ¶ 4 of the sentencing schedule, and no objections were filed with the Court as required by ¶ 6 of the sentencing schedule. On April 20, 2009, the Court issued Tentative Findings adopting the PSR. The Defendant then filed objections to the PSR on April 24, 2009. The Court notes that NECrimR 32.1(b)(6) (adopted January 30, 2009) states that it is expected that the Court will not consider objections filed after the deadline set out in ¶ 6 of the sentencing schedule. Nevertheless, in this case the Court will address the objections briefly in these Amended Tentative Findings because of the issues raised and in the interest of justice.

The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

### *Objections Not Affecting Guideline Range*

The Defendant objects to information set out in ¶¶ 14, 26, 28, 53 ("anti-government" stance), ¶¶ 55, 60 ("in hiding"; fear of Defendant), ¶¶ 13, 69, 75 (lost insurance license), and ¶ 25 (approximately 300 weapons found). These matters do not affect the sentencing guideline range, and they are denied.

### ¶¶ *21, 24, 33 - § 2K2.1(b)(1)(C) Enhancement - 93 Grenades*

The Defendant objects to the 6-level enhancement in ¶ 33 based on the involvement of 93 grenades in the offense and also to the supporting information in ¶¶ 21 and 24 of the PSR.

U.S.S.G. § 2K2.1(b)(1)(C) requires a 6-level enhancement in an offense involved between 25 and 99 "firearms." Application Note 1 to § 2K2.1 refers to 18 U.S.C. § 921(a)(3) for the definition of a "firearm." 18 U.S.C. § 921(a)(3)(D) states that the term "firearm" includes a "destructive device." A "destructive device" is defined to include a "grenade," 18 U.S.C. § 921(4)(A)(ii), and:

> (B)   any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and
>
> (C) any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled.

18 U.S.C. § 921(4)(B) & (C).

In the context of determining whether the § 2K2.1(b)(1) enhancement applies, the Eighth Circuit has determined that a "firearm" need not be functional in order to be considered a "firearm." *United States v. Pate,* 518 F.3d 972, 977 (8th Cir. 2008).

Given the definitions set out above, the previous Eighth Circuit case regarding nonfunctioning firearms, and the extensive evidence adduced at trial, the Defendant's objection that the grenades are novelty items and nonfunctioning is denied.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the Defendant's objections to the PSR (Filing No. 102) are denied;

2. The parties are notified that my tentative findings are that the PSR is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 27th day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge